United States District Court
Northern District of Ohio
Eastern Division

Anthony Goggans, Jr.                        Case No.
C/o Patricia Horner, Attorney
412 14th Street                              Judge
Toledo, OH 43604


       Plaintiff                            COMPLAINT with JURY
                                            DEMAND ENDORSED HEREON


v.                                          Patricia Horner
                                            S. Ct. # 0039912
                                            412 14th Street
Thomas Tallman, M.D.                        Toledo, OH 43604
Medical Director                            (419) 99-6163
MetroHealth Correctional                    FAX (419) 244-1119
      Health Program                        attorneypath@gmail.com
C/o Sheriff Clifford Pinkney                        And
Cuyahoga County Sheriff                     Wesley M. Miller Jr.(S.Ct.0043875)
1215 W. Third Street                        P.O. Box 12585
Cleveland, OH 44113                         Toledo, OH 43606
Individually and in his                     (419) 508 7892
professional capacity                       Wes@wesleymillerlaw.com


      And                                 Attorneys for plaintiff
Clifford Pinkney, Sheriff Cuyahoga
County
1215 W. Third Street
Cleveland, OH 44113
in his individual and professional
Capacity
        And
Cuyahoga County of Ohio
Cuyahoga County Council
C/o Dan Brady, President
2079 E. Ninth Street
Cleveland, OH 44115


      And

Marcus Harris, RN
c/o Cuyahoga County Corrections Center
1215 W. Third Street
Cleveland, OH 44113
in his individual and professional capacity
            And

Jane/John Does 1-5 (whose names and addresses
Are currently unknown to plaintiff)
Medical Department
c/o Dr. Thomas Tallman
Cuyahoga County Corrections Center
1215 W. 3rd Street
Cleveland, OH 44113
individually and in his/her professional
capacity

          Defendants.

               ***************

Now comes Anthony Goggans, Jr., through his Attorneys, and for his cause of

action states as follows:

PARTIES

1. Plaintiff Goggans is a resident of Marion County, Ohio as he is currently incarcerated at the Marion Correctional Institution, having been transferred from Lorain Correctional Institution and before that he was held at the Cuyahoga County Corrections Center located in Cuyhoga County, Ohio. Plaintiff was held at the Cuyhoga County Corrections Center from approximately March 10, 2016 until January 19, 2017 when he was transferred to Lorain Correctional Institution.

2. Defendant Sheriff Clifford Pinkney (hereinafter Sheriff) is, upon information and belief, a duly elected official of Cuyahoga County, Ohio, is responsible for the operations of and responsible for the employees of the Cuyahoga County Corrections Center. He is being sued in his individual and official capacity.

3. Defendant Dr. Thomas Tallman (hereinafter Dr. Tallman) is, upon information and belief, a physician, duly licensed by the State of Ohio, is in good standing with the Ohio Medical

2

Board, and is the Medical Director for MetroHelath Correctional Program which provides medical services to detainees and/or inmates at the Cuyahoga Corrections Center. Dr. Tallman is responsible for the day to day medical care of detainees and/or prisoners at the Corrections Center and has been the Medical Director of MetroHealth Correctional Program throughout the time plaintiff was held at the Cuyahoga County Corrections Center. Dr. Tallman is being sued in his individual and professional capacity.

4. Defendants Dr. Tallman, Sheriff Pinkney, and Cuyahoga County (County) have oversight over the delivery of medical services provided by MetroHealth Correctional Program, as well as oversight and responsibility for medial care provided by employees, staff, Corrections Officers, and agents, at the Cuyahoga County Corrections Center and the MetroHealth Correctional Program (MetroHealth).

5. Cuyhagoa County Council is the representative body for defendant Cuyahoga County and whose responsibility includes oversight of the operations of the Cuyhoga County Corrections Center, defendants Sheriff Pinkney, Dr. Tallman and MetroHealth.

6. Defendant Marcus Harris, upon information and belief, is a Registered Nurse (RN Harris hereinafter) employed by the Cuyahoga County Corrections Center working in the medical department operated by MetroHealth and overseen by defendants Dr. Tallman, Sheriff Pinkney and Cuyahoga County. He is being sued in his individual and professional capacity.

7. Defendants Jane and/or John Doe 1-4 are employees of defendants Sheriff Pinkney, Dr. Tallman and Cuyahoga County. She and /or he worked at the Cuyahoga County Corrections Center throughout the time plaintiff was held at the Cuyahoga Corrections Center.

8. Defendant Jane/John Doe 5 is a private corporation that provides medical services to the Cuyahoga County Corrections Center and for which Defendant Dr. Tallman is the Medical Director.

JURISDICTION & VENUE

9. Plaintiff incorporates by reference here paragraphs 1 through 8 as if fully rewritten.

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's

 causes of action as they arise under the United States Constitution and Federal law, 42 U.S.C. §1983.

11. This Court has supplement jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiff's State law causes of action that form part of the same case or controversy as the claims acquiring original jurisdiction.

12. Venue lies in the United States District Court for the Northern District of Ohio because a substantial part of the events or omissions giving to Plaintiff's claims occurred in Cuyahoga County which is in the jurisdiction of this Court pursuant to 28 U.S.C. §1391(b)(2).

13. Venue lies in the Eastern Division because a substantial part of the events leading to the claims arose in Cleveland, Cuyahoga County, Ohio.

FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference here paragraphs 1 through 13 as if fully rewritten.

15. Plaintiff Goggans was arrested on or about March 7, 2016 in the Cleveland, Ohio area. He was immediately taken to a local hospital, St. Vincent Charity Hospital in Cleveland,  by the arresting agency, for medical care and treatment of a serious injury on his left shin. The medical staff at St. Vincent Charity Hospital placed several staples in his left shin.

16. He was discharged from St. Vincent hospital on or about Mach 10, 2016 wherein he was promptly placed in the custody of defendants County, Sheriff Pinkney, and Dr. Tallman. Plaintiff Goggans remained at the Cuyahoga County Corrections Center until he was transferred to the Lorraine Correctional Center on or about January 19, 2017.

17. Plaintiff Goggans was placed in the medical unit or floor at Cuyahoga County Corrections Center when he was booked into that facility; however, when he was brought into the medical unit, he was not seen by any medical care provider for assessing his wound or providing any medical care or treatment for the wound.

18.  On or about March 25, 2016 plaintiff send a medical request to defendants asking

4

that the staples be removed. At approximately the end of April, 2016 defendant Harris RN met with plaintiff Goggans in order to remove the staples in plaintiff's leg; however, the skin on plaintiff's shin had grown over the staples and the wound was infected due to the delay by all defendants in providing necessary medical care and treatment to plaintiff.

19. At that meeting, defendant Harris RN and defendants Jane/John Doe 1-5, one of whom was a physician whose name is unknown to plaintiff currently told plaintiff they were going to remove the staples and ordered him to sit up on a table. Defendants Harris and Doe 1-5 physician without administering any anesthetic attempted to remove a staple, but, the staple broke apart leaving some metal parts in plaintiff's shin. Defendant Doe 1-4 physician left the room and plaintiff got down from the table.

20. Defendant Harris entered the room, told plaintiff to get back up on the table so he could remove the staples otherwise plaintiff would be sent to "the hole".  Plaintiff complied and defendant Harris, without numbing the area on plaintiff's left leg, tried to remove a staple which broke apart leaving parts of the staple in plaintiff's leg. Defendant Harris then took a scalpel and cut into plaintiff's shin trying to remove staples. Defendants Doe 1-4 physician returned to the room and defendant Harris asked that a numbing agent be used on plaintiff's leg. Plaintiff's leg was numbed and defendant proceeded to cut out the remaining staples.

21. Plaintiff was moved from the medical floor approximately two weeks after the removal of the staples even though he still had an open wound on his left shin.

22. Plaintiff was concerned that pieces of staple were in his leg as he was experiencing sharp and throbbing pain in his left shin so he sent "kites" and medical requests to defendants asking  x-rays be taken of his leg to verify all pieces of staple had been removed. Defendants refused and denied plaintiff's requests until December 2016, when x-rays were done and indicated nothing was left in his leg.

23.  Plaintiff continues to experience pain and throbbing in his left shin. He also has a scar that causes plaintiff pain and occasionally breaks open. Plaintiff applies cream to the area to prevent, as best as possible, the scar from breaking open. He continues to have pain in the area.

COUNT I: 8TH AMENDMENT VIOLATIONS

5

24.  Plaintiff incorporates by reference here paragraphs 1 through 23 as if fully rewritten.

25. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against all defendants for failing to provide him with appropriate and timely medical care and treatment in violation of his United States Constitutional Rights as set forth in the Eighth Amendment prohibiting cruel and unusual treatment.

26. All Defendants, acting under color of state law, unreasonably delayed and/or failed to provide necessary medical care and treatment to plaintiff and this delay and/or failure rose to a dereliction of duty and/ or deliberate indifference.

27. All Defendants, while acting under color of state law, deprived plaintiff os his Constitutional Eighth Amendment right to be free from cruel and unusual punishment by showing deliberate indifference to his serious medical needs.

28. All defendants, while acting under color of state law, acted with deliberate indifference to plaintiff's serious medical needs by refusing to provide him with continuous effective and appropriate medical care and treatment for his left shin wound by not assessing or checking on his wound which led to the skin growing over the staples and resulting in an infection in the wound and permanent injury.

29.  All defendants acting under color of state law acted with deliberate indifference to plaintiff's serious medical needs by not providing him with anesthestic prior to attempting to remove and/or cut out the staples which led to extreme pain, suffering and anguish to plaintiff.

COUNT II: NEGLIGENCE

30.  Plaintiff incorporates by reference here paragraphs 1 through 29 as if fully rewritten.

31. Defendants County, Sheriff, Dr. Tallman, Does 1-5 their agents, employees, staff and independent contractors had a duty to plaintiff Gogans to ensure he received reasonable, prompt and appropriate medical care and treatment while he was in their custody.

32. It was reasonable for all defendants their agents, staff, employees personnel, independent contractors to provide appropriate, reasonable, prompt medical care and treatment if

6

and, if such care and treatment was not provided it was foreseeable plaintiff would sustain permanent injury, pain and suffering.

33. If is foreseeable that following placement of staples and discharge from a hospital, that discharge instructions would be provided by the discharging hospital with specifically prescribed course of treatment and monitoring of the staples and failure to follow said instructions would result in injury, pain and suffering.

34. If is foreseeable that following placement of staples and discharge from a hospital, that discharge instructions would be provided by the discharging hospital with specifically prescribed course of treatment and prompt removal of the staples and failure to follow said instructions would result in injury, pain and suffering.

35. All defendants, their agents, personnel, employees, staff and independent contractors failed to provide reasonable, prompt and appropriate medical care and treatment to plaintiff.

36. All defendants breached their duty of care when they failed to monitor and assess plaintiff's staples in his leg thereby allowing an infection to develop.

37. All defendants breached their duty of care when they failed to timely remove the staples thereby allowing the skin to go over them and by not administering an anesthetic to the area before cutting into plaintiff's leg to remove the staples.

38. All defendants' failure was a breach of their statutory and common law duties to plaintiff who was under their care and custody. This breach was negligence.

39. As a direct and proximate cause of all defendants' negligence, plaintiff suffered extreme pain, anxiety, fear, suffering, emotional distress and permanent injury.

WHEREFORE, plaintiff prays for judgment against all defendants, jointly and severally, as follows:

A. In Count I for compensatory and statutory damages in excess of $25,000.00, reasonable attorney fees as permitted by 42 U.S.C. §1988, costs, interest, prejudgment interest; and,

B. Count II for compensatory damages in excess of $25,000.00, costs, interest, prejudgment interest; and,

C. Costs, expenses and prejudgment interest and any other relief this Court deems just and reasonable.

Respectfully submitted,

*/s/ Patricia Horner*
Patricia Horner
Co-Counsel for Plaintiff

JURY DEMAND ENDORSED HEREON

Plaintiff demands a jury on all issues triable to them.

*/s/ Pat Horner*
Pat Horner

8