# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY GOGGANS, JR., | ) CASE NO. 1:18-CV-800 |
| Plaintiff, | ) |
| | ) JUDGE DAN AARON POLSTER |
| v. | ) |
| | ) |
| THOMAS TALLMAN, *et al.*, | ) **OPINION AND ORDER** |
| | ) |
| Defendants. | ) |

This case is before the Court on two motions: Defendants Cuyahoga County and Clifford Pinkey's ("County Defendants") Motion to Dismiss, Doc #: 12 and Defendants Marcus Harris and Thomas Tallman's ("Medical Defendants") Motion to Dismiss, Doc #: 13. For the following reasons, both motions are **GRANTED** and the case is **DISMISSED WITH PREJUDICE** as to Goggans's § 1983 claim and **DISMISSED WITHOUT PREJUDICE** as to his state law negligence claim.

## I.  Background

Plaintiff Anthony Goggans, Jr. ("Goggans") was arrested on March 7, 2016 in the Cleveland, Ohio area. Compl. ¶ 15. The arresting officers took Goggans to St. Vincent Charity Hospital to treat an injury on his left shin. *Id*. As part of the treatment, the St. Vincent medical staff placed several staples in Goggans's left shin. *Id*. On or about March 10, 2016, Goggans was discharged from St. Vincent and sent to the Cuyahoga County Corrections Center's

("Corrections Center") medical unit. *Id*. ¶ 16-17. Defendant Cuyahoga County is responsible for the operations and oversight of the Corrections Center. *Id*. ¶ 5. Defendant Sheriff Clifford Pinkney ("Sheriff Pinkney") is an elected Sheriff responsible for the operations of the Corrections Center. *Id*. ¶ 2. Defendant Dr. Thomas Tallman ("Dr. Tallman") is a licensed physician and the Medical Director for MetroHealth Correctional Program, which provides medical services to detainees at the Corrections Center. *Id*. ¶ 3. Dr. Tallman supervises Defendant Marcus Harris ("Nurse Harris"), a registered nurse employed by the Corrections Center. *Id*. ¶ 6.

Goggans alleges that no medical care provider assessed his wound or provided medical care upon his arrival to the Corrections Center. *Id*. ¶ 17. On March 25, 2016, Goggans requested the medical staff at the Corrections Center remove the staples from his left shin. *Id*. ¶ 18. At the end of April 2016, nearly two months after Goggans received the staples in his shin and a month after he requested they be removed, Nurse Harris met with him to remove the staples. *Id*. Goggans alleges that prior to his meeting with Nurse Harris the skin on his left shin had grown over the staples and his wound became infected. *Id*. Harris and several other unknown physicians and nurses attempted to remove a staple without any anesthetic. *Id*. ¶ 19. The staple broke apart while Nurse Harris attempted to remove it, leaving some metal parts in Goggans's shin. *Id*. After attempting to remove the metal pieces unsuccessfully, Nurse Harris used a scalpel to cut out the broken metal pieces from Goggans's leg. Compl. ¶ 20. Nurse Harris then asked other medical staff to administer a numbing agent to Goggans's leg. *Id*. The medical staff numbed Goggans's leg and Nurse Harris cut out the remaining staples. *Id*. Two weeks after the staples were removed, Goggans was moved from the medical floor of the Corrections Center, even though he still had an open wound on his left shin. *Id*. ¶ 21. Goggans continued to feel "sharp and throbbing pain" in his left shin, so he requested an x-ray of

his leg to verify that the staples had been removed. *Id*. ¶ 22. In December 2016, x-rays were performed and indicated that no staples remained in Goggans's leg. *Id*. Even after the x-ray, Goggans continued to experience pain and throbbing in his left shin. *Id*. ¶ 23.

## II. Procedural History

On April 9, 2018, Goggans filed a Complaint alleging violations of the Eighth Amendment under 42 U.S.C. § 1983 and a negligence claim against all Defendants because they "unreasonably delayed and/or failed to provide necessary medical care and treatment" to Goggans. *Id*. ¶ 26. On June 25, 2018, the County Defendants filed a Motion to Dismiss ("County Defendants' Motion") arguing that Goggans failed to state a claim for which relief can be granted against either Cuyahoga County or Sheriff Pinkney due to insufficient pleading, improper reliance on *respondent superior* theory, immunity under O.R.C. § 2744, and redundant pleading against Sheriff Pinkney in his official capacity. Doc #: 12. On June 29, 2018, the Medical Defendants filed a Motion to Dismiss ("Medical Defendants' Motion") arguing that the Eighth Amendment does not apply to pre-trial detention and Goggans did not establish a sufficiently serious medical need or allege sufficient facts to support a claim for deliberate indifference. Doc #: 13. Goggans filed his Response to the County Defendants' Motion on August 15, 2018. Doc #: 16. The County Defendants filed their Reply on August 29, 2018. Doc #: 18. Goggans filed his Response to the Medical Defendants' Motion with leave of Court on September 9, 2018. Doc #: 19-1.

## III. Standard of Review

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement

3

of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints alleging "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557. In addition, simply reciting the elements of a cause of action or legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

## IV. Analysis

### A. § 1983 Claims

To prevail on a cause of action under § 1983, a plaintiff must show "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Ruffin v. Cuyahoga County*, No. 1:16-CV-640, 2017 WL 2832674, *6 (N.D. Ohio June 30, 2017) (quoting *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotation marks omitted)). In this case there is no dispute that the individual defendants were acting under color of state law. However, Defendants argue that Goggans has not plead sufficient facts to sustain a claim that Defendants deprived him of his Constitutional rights by acting with deliberate indifference to Goggans's serious medical needs.

The Eighth Amendment forbids state actors responsible for inmates from "unnecessary and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" towards the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). Pretrial detainees are analogously protected under the Due Process Clause of the Fourteenth Amendment. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (2004); *Bell v. Wolfish*, 441 U.S. 520, 545 (1979).

4

Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Ruffin*, 2017 WL 2832674, *6 (quoting *Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997)). Deliberate indifference has both subjective and objective components. The objective component requires the existence of a "sufficiently serious" medical need and the subjective component requires a "sufficiently culpable state of mind in denying medical care." *Blackmore*, 390 F.3d at 895; *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

### 1. Sufficiently Serious Medical Need

The objective component of the deliberate indifference test requires the existence of a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is objectively serious if it "has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognized the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897 (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990). In this case, Goggans alleges that it took nearly two months for anyone at the Corrections Center to remove the staples in his leg. A lay person would easily recognize that two months is a significant delay in removing surgical staples. Thus, Goggans has sufficiently pled the first element of a § 1983 claim.

### 2. Culpable State of Mind

The subjective component of the deliberate indifference test can be broken down into three parts: (1) subjectively perceived the facts that gave rise to the inference of the risk; (2) actually drew the inference; and (3) consciously disregarded the perceived risk. *Ruffin*, 2017 WL 2832674, at *6. Mere negligence will not suffice for deliberate indifference. *Watkins v. City Creek*, 273 F.3d 682 (6th Cir. 2001). To demonstrate individual liability against the Defendants, Goggans must show that the defendants were "personally involved in the

5

unconstitutional behavior alleged." *Armstrong*, 2017 WL 3783715, at *2. To establish personal liability for a supervisor, "a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

### a. Sheriff Pinkney & Dr. Tallman

Goggans did not provide any facts in his Complaint that either Sheriff Pinkney or Dr. Tallman inadequately provided any medical services or knew of Goggans's condition. Goggans also did not provide any facts that Sheriff Pinkney or Dr. Tallman consciously disregarded information regarding his medical treatment. Goggans has not sufficiently plead factual allegations to satisfy "a culpable state of mind" by either Sheriff Pinkney or Dr. Tallman. Thus, Goggans's individual § 1983 claims against Sheriff Pinkney and Dr. Tallman must be **DISMISSED**.

### b. Nurse Harris

Goggans alleges that no one addressed his medical needs for several weeks after he was moved to the medical unit of the Corrections Center. However, Goggans does not allege that the Corrections Center assigned Nurse Harris to be Goggans's primary care taker in the medical unit or that Nurse Harris was even aware of Goggans's condition prior to the removal of the staples. Goggans simply indicates that he sent "a medical request to defendants asking for the staples to be removed." Compl. ¶ 18. Thus, Goggans has insufficiently plead a § 1983 delay of treatment claim against Nurse Harris.

Even if Goggans had personally addressed Nurse Harris's role in Goggans's care upon arrival at the medical unit, such an allegation would amount to no more than a difference of medical opinion between a prisoner and prison physicians. In *Gibbs*, a prisoner filed a § 1983

6

claim in federal court against his prison physicians for their refusal to remove staples from the prisoner's arm in a timely manner. *Gibbs v. Norman*, 61 F.3d 903, *1 (6th Cir. 1995). The district court dismissed the compliant as failing to state a claim for relief and the Sixth Circuit upheld the ruling noting that the "charge of inadequate treatment does not rise to the level of a constitutional violation." *Id*. at *1, *3. Like in *Gibbs*, Goggans's claims that Defendants delayed his treatment upon arrival at the medical unit are merely a difference in opinion between Goggans and his treating physicians and do not rise to the level of a constitutional violation.

Goggans also alleges that Nurse Harris intentionally attempted to remove a staple from Goggans's left shin without the aid of anesthetic or a numbing agent. However, Nurse Harris, realizing that the removal of the staples causes Goggans pain, ordered his staff to administer a numbing agent on Goggans's leg after the removal of the first staple. This situation is similar to *Robinson*, where a physician attempted to remove a prisoner's cracked tooth without anesthetic but stopped after the removal cased the prisoner pain. *Robinson v. Doe*, No. 1:07CV00729, 2010 WL 1497346, *4 (S.D. Ohio Mar. 15, 2010). Robinson then filed a § 1983 suit against the physician but the district court dismissed the claim because the factual allegations failed to show deliberate indifference by the physician. *Id*. at *4. Although Nurse Harris might have initially realized that removing a staple without anesthetic would cause Goggans pain, Goggans does not allege that Nurse Harris removed the staple with the intent of causing him unnecessary harm because he did administer a numbing agent before removing the remaining staples. At best, this allegation is again a difference in opinion between Goggans and Nurse Harris that do not arise to the level of deliberate indifference required to make out a constitutional violation. Thus, this Court **DISMISSES** the individual § 1983 claim against Nurse Harris.

### 3. § 1983 Official Capacity Claims

Within the context of a § 1983 claim, a local government subdivision is a "person" but cannot be held liable under *respondeat superior*. *Armstrong v. Dunlap*, No. 17-CV-0803, 2017 WL 3783715, *2 (N.D. Ohio August 8, 2017). Cuyahoga County can only be held liable under § 1983 when the local government's policy or custom results in the alleged injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Armstrong*, 2017 WL 3783715, at *2. Additionally, a civil action against a government employee in their official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690. Thus, Goggans § 1983 claims against Sheriff Pinkney, Dr. Tallman, and Nurse Harris in their official capacities are the same as the claim against Cuyahoga County. Goggans's pleading does not address any customs or policies by Cuyahoga County that directly caused Goggans's injury. Therefore, this Court **DISMISSES** Goggans's official capacity claims against all Defendants.

### B. Negligence Claim

Under 28 U.S.C. § 1367, federal district courts that have original jurisdiction over an action have supplemental jurisdiction over all other related state law claims. However, a district court may decline to exercise its supplemental jurisdiction over a state law claim if the court has dismissed all claims over which it has original jurisdiction. Having determined that Goggans's sole federal claim should be dismissed, the Court declines to address his remaining state law negligence claim. Goggans may refile his state law negligence claim in state court. Accordingly, Goggans's negligence claim is **DISMISSED WTIHOUT PREJUDICE**.

## V. Conclusion

Goggans's § 1983 claim is **DISMISSED WITH PREJUDICE**. Goggans's state law negligence claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster Sept. 10, 2018*
**DAN AARON POLSTER
UNITED STATES DISTRICT COURT**